O’Neall, J.,
dissenting. I regret to have to record a dissent in such a matter as that now in hand. I understand the Court to be perfectly satisfied with the ruling and result of the case below, in every respect, except the rejection of the record of. the deed from William Brown to James Brown. Upon this ground, strangely to my apprehension, the case is to go back. I think that the decision below, rejecting it, was right. It was a naked record of a deed, without any evidence, or proof, of execution. The 30th section of the Act of 1731, 3 Stat., 303, provides “ that the records of all grants in the office of the said auditor general, or his deputy, and the records of all grants and deeds duly proved before a justice of the peace, according to the usual method” in this Province, “and recorded, or to be recorded in the Register’s office of this Province, and also the attested copies thereof,' shall be deemed to be as good evidence in the law, and of the same force and effect, as the original would have been, if produced, in all Courts of Law and Equity.” It is not de *517 nied, that other means of proof of a deed to admit it to record, than that pointed out in the Act, are now allowed. But such a thing as a deed going on record without proof, and then to be admitted in evidence by the record, is now, for the first time, to be allowed.
It is supposed that the registry presumes all things done rightly. That would be true, if the contrary did not appear. If the Register had said that the deed was proved, and recorded, then we should presume every thing right; but the copy and the record shew no such thing was done. Indeed, since the trial, the original is found, and no probate, of any kind, indorsed upon it. The Act of 1843,11 Stat., 255, only permits an office-copy to be given in evidence, after notice, where the paper had been properly admitted to record.
But if the decision was wrong, it by no means follows that the case must go back. The deed was wholly immaterial and irrelevant. ' Indeed, it made so little impression on me, that I overlooked it altogether in making up my report. The question before the Court was, whether William Brown, under his grant of 1808, had possession for seven years, before 1818. This deed relates to the Powell grant, older than the plaintiffs’. It lies in one corner of the William Brown grant. Any possession on it, it was ruled, could not give title to the William Brown grant of 1808. How that deed could have any effect on that question, will be difficult of shewing.
Whitner, J., concurred.

Motion granted.